UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
DANE WILSON, on behalf of himself and all                   :
others similarly situated,                                  :  **MEMORANDUM DECISION**
                                                            :  **AND ORDER**
                         Plaintiff,              :
                                                            :  21-cv-1263 (BMC)
               - against -                            :
                                                            :
JAMAICA SERVICE PROGRAM FOR                                 :
OLDER ADULTS, INC. and WILLIAM                              :
COLLINS, JR.,                                               :
                                                            :
                         Defendants.             :
                                                            :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Dane Wilson has sued his former employer, Jamaica Service Program for Older Adults, Inc. ("JSPOA") and its alleged owner asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law § 650 *et seq*. Before me is plaintiff's motion for conditional approval to proceed with a collective action and for court-facilitated notice under the FLSA. See 29 U.S.C. § 216(b). For the below reasons, plaintiff's motion is granted with some modifications to his proposed notice and the information he seeks from defendant.

## BACKGROUND

      JSPOA, a multi-service social agency that provides services to senior citizens, employed plaintiff as a bus driver from August 2019 to February 2020. According to the complaint, plaintiff was scheduled and paid to work from 8:30 a.m. to 3:30 p.m. five days a week. However, plaintiff alleges that he was denied compensation for 10 to 15 hours a week of both

straight and overtime pay due to defendants' policies surrounding improper time-rounding, interruption of meal breaks, and overtime. Additionally, plaintiff claims that he was often not paid promptly, including occasions when he was not paid wages for approximately 8 to 12 weeks.

To support his motion, plaintiff relies upon allegations in both the complaint and his own declaration. The complaint details plaintiff's own experiences and the declaration elaborates on his conversations and observations of his co-workers. Based on these allegations, plaintiff seeks conditional approval to proceed with a collective action for all hourly employees of defendants.

## DISCUSSION

The FLSA permits employees to bring a collective action to recover unpaid overtime compensation on behalf of themselves and similarly situated employees. See 29 U.S.C. § 216(b). As similarly situated employees can become plaintiffs only by filing written consent with the court, id., courts have discretion to facilitate notice to those employees. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). This process is often referred to as certification. See, e.g., Lianhua Weng v. Kung Fu Little Steamed Buns Ramen, Inc., No. 17-cv-273, 2018 WL 1737726, at *2 (S.D.N.Y. March 26, 2018). However, to distinguish it from certification of class actions under Federal Rule of Civil Procedure 23, I prefer to refer to it as approval to proceed with a collective action.

When determining whether to approve a collective action, courts in the Second Circuit conduct a two-step process. See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). First, in a step referred to as conditional certification, the court "mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 555 (quotation omitted). At the

second step, "the district court will, on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." Id. (quotation omitted). "A court may de-certify a collective action if it determines Plaintiffs fail to meet this requirement at the second stage." Lianhua Weng, 2018 WL 1737726, at *3 (citing Myers, 624 F.3d at 555).

This case is at the first step. Here, plaintiff must "make a modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (quotation omitted). "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." Romero v. La Revise Assocs., LLC., 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013) (quotation omitted). Courts in this circuit have adopted a lenient standard when evaluating the proof on these motions. See, e.g., Summa v. Hofstra University, 715 F. Supp. 2d 378, 386 n. 6 (E.D.N.Y. 2010) ("Defendant's argument that [plaintiff's] affidavit is insufficient to support conditional certification because it contains conclusory allegations and hearsay is unpersuasive.").

Specifically, plaintiff "must show a factual nexus . . . between the plaintiff['s] situation and the situation of other potential plaintiffs." Fernandez v. On Time Ready Mix, Inc., No. 14-cv-4306, 2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quotation omitted). A plaintiff may demonstrate such a nexus through "pleadings, affidavits, and declarations." Id. And, as "the determination that the parties are similarly situated is merely a preliminary one that may be modified or reversed at the second certification stage," courts have repeatedly emphasized that a plaintiff's burden is modest or minimal. Anjum v. J.C. Penney Co., No. 13-cv-460, 2015 WL 3603973, at *5 (E.D.N.Y. June 5, 2015); see also Abdulzalieva v. Advanced Domino, Inc., 2021

3

WL 1648024, at *2 (E.D.N.Y. Apr. 27, 2021); Myers, 624 F.3d at 555. The focus of the first stage "is merely to determine whether similarly situated plaintiffs do in fact exist." Myers, 624 F.3d at 555 (quotation omitted).

I.     The Collective Action

Plaintiff's motion seeks conditional approval to proceed with a collective action for a class of individuals that includes plaintiff and "all other current and former Hourly Employees, employed by Defendants, at any time since March 9, 2018," who

> were improperly penalized by Defendants' schedule-based time rounding system if they clocked in or out before and/or after the end of their scheduled shift, even though they performed work related duties during this uncompensated time window and who were: (a) not compensated for all work performed while clocked-in; (b) were not compensated for all work performed during uncompensated and automatically deducted meal breaks; (c) were not fully compensated for time worked over forty hours per week at overtime rates; (d) were paid bi-monthly; and/or (e) whose wage payments were delayed by one week or more at any point during their employment with Defendants.

Defendants do not contest plaintiff's motion for conditional certification in its entirety. Instead, they argue that conditional certification should be limited to only include bus drivers.

In his declaration, plaintiff identifies numerous hourly employees other than bus drivers by first and last name, contending that he is similarly situated to them based on conversations he had with co-workers. Defendants argue that plaintiff's allegations here are inadequate, and that plaintiff failed to identify the basis upon which these employees are similarly situated to him or even due overtime payments at all.

Defendants misunderstand the nature of plaintiff's allegations as to these employees. These employees are similarly situated to plaintiff not because they were never paid for all hours worked, but because they too were subject to defendants' practice or policy of delayed payment. Like plaintiff, they were "not paid for 8-12 weeks during August 2019 and September 2019, respectively."

Under the FLSA, late wages are considered a form of unpaid wages, and employees paid late are entitled to liquidated damages. See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir.1998); Belizaire v. RAV Investigative & Sec. Servs. Ltd., 61 F. Supp. 3d 336, 360 (S.D.N.Y. 2014). Employers will be liable for late payment of wages when there has been "a delay of more than two weeks between the end of a weekly pay period and the issuance of a paycheck." Belizaire, 61 F. Supp. 3d at 359. Plaintiff, and the other hourly employees, may therefore be entitled to liquidated damages on the same legal and factual basis. This nexus is sufficient to resolve the inquiry on whether plaintiff and the other hourly employees are similarly situated if plaintiff's factual allegations to this point are strong enough. Romero, 968 F. Supp. 2d at 645 ("[T]he focus of the inquiry is . . . on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated"); Fernandez, 2014 WL 5252170, at *1 (noting what plaintiff must show is "a factual nexus . . . between the plaintiff['s] situation and the situation of other potential plaintiffs").

Plaintiff's allegations, while not particularly robust, are sufficient. They are not the sort of "vague, conclusory, and unsupported assertions" that would fail to clear the very low bar courts have set for them in determining whether to conditionally certify a collective action. She Jian Guo v. Tommy's Sushi Inc., No. 14-cv-3946, 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014). In his declaration, plaintiff states that on "two separate occasions, Defendants did not timely remit payment for my wages." Specifically, "for the pay period beginning August 18, 2019 through August 31, 2019, I was not paid until October 11, 2019" and "for the pay period beginning September 15, 2019 through September 28, 2019, I was not paid until November 27, 2019." He goes on to say that "based on conversations" he had with his co-workers, he "reasonably believes" that twenty other hourly employees "were not paid for 8-12 weeks during

August 2019 and September 2019, respectively." Plaintiff then names these twenty other employees, nineteen of whom he identifies by both first and last name. Identifying twenty employees – and nineteen by first and last name -- who were not paid during the same specified time period for the same specified length of time certainly qualifies as what is minimally required here. See Sanchez v. JMP Ventures, L.L.C., No. 13-cv-7264, 2014 WL 465542 at *2 (S.D.N.Y. Jan. 27, 2014). Plaintiff's allegations have met the low standard required at this preliminary stage.[1]

## II. Court-Facilitated Notice

Plaintiff has also requested that court-facilitated notice be permitted under the FLSA. See Hoffmann-La Roche, 493 U.S. at 169. "[T]he district court maintains 'broad discretion' over the form and content of the notice." Diaz v. New York Paving Inc., 340 F. Supp. 3d 372, 386 (S.D.N.Y. 2018). Courts are "guided by the goals of the notice to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." Elmajdoub v. MDO Dev. Corp., No. 12-cv-5239, 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013). The Court determines that the notice should be sent to all collective action members subject to the modifications and limitations below.

---

[1] Defendants contend that "[p]laintiffs must go beyond mere allegations and adduce actual proof in order for a motion for collective action to be granted." However, the case that they cite for this proposition says otherwise. See Mata v. Foodbridge LLC, No. 14-cv-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) ("Defendants are wrong to suggest that Plaintiff was required to buttress his motion with affidavits besides his own or with other documentary evidence.").

### A. Contents of Notice

#### 1. Notice Period

For violations that are willful, the statute of limitations under the FLSA is three-years. See 29 U.S.C. § 255(a). In cases "[w]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action." Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013); see also Valerio v. RND Indus., LLC, 314 F.R.D. 61, 73-74 (E.D.N.Y. 2016) (noting that "[a]t the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class.").

Plaintiff's proposed notice contemplates a three-year notice period for potential FLSA collective action members as he contends the violations at issue are willful. I will limit notification -- and the collective action itself -- to employees who were employed by defendants within three years of this order as "the statute of limitations applicable to a plaintiff's claim continues to run until he or she has filed a written consent with the court to join the lawsuit." Abdulzalieva, 2021 WL 1648024, at *4.

#### 2. Opt-in Period

Defendants request that plaintiff's proposed notice be revised so that the opt-in period would be 45-days instead of 60-days. However, courts within this Circuit have generally held "a 60-day opt-in period for potential plaintiffs is common practice under the FLSA." Gui Zhen Zhu, 424 F. Supp. 3d at 272. I will allow the opt-in period to remain the standard 60 days.

#### 3. Consequences of Joining the Action

Defendants also ask that the notice include language concerning the consequences of joining the lawsuit. Defendants want the notice to provide that "putative class members may be

7

required to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs to Defendants if they do not prevail."

Courts in this circuit are split on whether FLSA notices should include information about potential costs and trial obligations to members of the collective. Compare Ansoralli v. CVS Pharmacy, Inc., No. 16-cv-1506, 2017 WL 570767, at *4 (E.D.N.Y. Feb. 13, 2017) ("There shall be no reference in the notice to opt-ins' discovery and trial obligations or their responsibility to pay costs or fees if they do not prevail.") with Bah v. Shoe Mania, Inc., No. 08-cv-9380, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (requiring modification of the notice form to indicate that potential plaintiffs may be responsible for costs and trial obligations).

I agree "with those cases holding that language about potential costs [and trial obligations] should not be included in notice to the putative members of the collective." Kucher v. Domino's Pizza, Inc., No. 16-cv-2492, 2017 WL 2987216, at *3-4 (S.D.N.Y. May 22, 2017). It is unclear at this stage what obligations an opt-in plaintiff may actually have in this case, if any. The purpose of the notice is to inform employees of their option, not to scare them out of exercising it. If an opt-in plaintiff finds out that he doesn't want the responsibility that goes along with being a plaintiff, he can always withdraw.

### 4. Contact Information of Defendants' Counsel

Defendants ask that the notice include contact information for defense counsel. I agree that "it is appropriate to include Defense counsel's information in the Notice." Id. at *4 (noting that "[n]umerous courts in this Circuit have authorized such language."); see also She Jian Guo, 2014 WL 5314822, at *4 (noting that the inclusion of this information is "routine"); Mendoza v. Ashiya Sushi 5, Inc., No. 12-cv-8629, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013).

### 5. Defendants' position

Defendants also propose the inclusion of more expansive language regarding their position concerning the case. "Courts routinely hold that notices of pendency must include a summary describing the position of the employers in the case." Lora v. To-Rise, LLC, No. 16-cv-3604, 2017 WL 11604705, at *12 (E.D.N.Y. July 18, 2017), report and recommendation adopted, 2017 WL 11604704 (E.D.N.Y. Sept. 15, 2017); see also Viriri v. White Plains Hosp. Med. Ctr., 320 F.R.D. 344, 356 (S.D.N.Y. 2017) (holding that potential opt-in plaintiffs should be advised that defendant employer had asserted compliance with the FLSA). Likewise, courts have found that language regarding the absence of any adjudication on the merits is appropriately included in a notice of pendency. See Viriri, 320 F.R.D. at 356.

Plaintiff has already included such language in the proposed notice here. Plaintiff's proposed notice states: "Defendants maintain that their pay practices for the Hourly Employees at all times fairly and lawfully compensated them for all the time they spent working," This language "adequately puts potential opt-in plaintiffs on notice of, and equitably represents, the defendants' position." Ritz v. Mike Rory Corp., No. 12-cv-367, 2013 WL 1799974, at *4 (E.D.N.Y. April 30, 2013) (quoting Schwerdtfeger v. Demarchelier Mgmt., Inc., No. 10-cv-7557, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011)).

### 6. Opt-in Notices Returnable to Plaintiff's Counsel

Defendants have requested that I require the putative plaintiffs to send their consent forms to the Clerk of the Court rather than to plaintiff's counsel. This is another issue on which courts in this Circuit are split. Compare Gui Zhen Zhu, 424 F. Supp. 3d at 271 (forms to be returned to plaintiff's counsel); Djurdjevich v. Flat Rater Movers, Ltd., No. 17-cv-261, 2019 WL 125888, at *2 (S.D.N.Y. Jan. 7, 2019) (directing the consent forms to be returned to the

9

plaintiff's counsel because the plaintiff's counsel was "in a better position to answer potential questions" by the opt-in plaintiffs and the proposed notice informed potential plaintiffs that they could retain other counsel of their choice), with Pérez v. La Abundancia Bakery & Rest. Inc., 17-cv-0656, 2017 WL 3382068, at *9 (E.D.N.Y. Aug. 4, 2017) (directing the consent forms to be mailed to the Clerk of the Court because "directing opt-in plaintiffs to return their forms to plaintiffs' counsel implicitly discourages opt-in plaintiffs from selecting other counsel") (internal citations omitted).

I agree that the consent forms should be returned to plaintiff's counsel. "[W]here, as here, the Notice to the collective expressly states that opt-ins have the right to retain separate counsel, the risk that opt-in plaintiffs will be discouraged from selecting their own counsel is *de minimis* at best." Mason v. Lumber Liquidators, Inc., No. 17-cv-4780, 2019 WL 2088609, at *15 (E.D.N.Y. May 13, 2019). Further, in this district where FLSA cases are so abundant, returning consent forms to the Clerk of Court is unnecessary and burdensome to the Court "in light of the budgetary constraints and financial limitations faced by the federal courts." Gui Zhen Zhu, 424 F. Supp. 3d at 271. The docket clerks in this Court have enough directly mailed, non-ECF filings from *pro se* litigants that they have to docket.

Plaintiff's proposed notice informs putative plaintiffs that they are "free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted." Therefore, I will deny defendants' request that the notice direct potential plaintiffs to send their consent forms to the Clerk of the Court.

   **B.** **Information Requested from Defendants and Method of Dissemination**

Plaintiff requests that the defendants provide him with the names, physical and email addresses, and telephone numbers of all individuals in the collective, and additionally to provide

the same information as to all potential class members who were so employed by defendants within six years prior to the commencement of this action.

Although the FLSA has a three-year statute of limitations for willful violations, see 29 U.S.C. § 255(a), plaintiff's related claims under the NYLL are subject to a longer six-year statute of limitations. Plaintiff is correct that some courts in this district have permitted notification of employees pursuant to the longer period and required defendants to provide this information. See, e.g., Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011). However, I have already made clear that, "in my view, the better-reasoned approach is for the notice to span only three years." Rosa v. Dhillon, No. 20-cv-3672, 2020 WL 7343071, at *8 (E.D.N.Y. Dec. 14, 2020). This motion is not part of discovery for plaintiff's state-law claims. I am conditionally approving the collective under the FLSA, and it should not reach back any further than the FLSA allows.

Defendants also argue that I should deny plaintiff's request to compel the production of the e-mail addresses and telephone numbers of the proposed class members, limiting production to only names and addresses. I agree with defendants that production of phone numbers can raise solicitation and other problems, but I will require that defendants provide the e-mail addresses. See, e.g., Shibetti v. Z Rest., Diner & Lounge, Inc., 478 F. Supp. 3d 403, 416 (E.D.N.Y. 2020) (compelling production of e-mail addresses, but denying production of phone numbers); Abdulzalieva, 2021 WL 1648024, at *4 (same). Further, I will permit notification via both mail and e-mail as "email notification is more effective at notifying potential opt-in plaintiffs than mailed notice alone." Park v. FDM Group Inc., No. 16-cv-01520, 2019 WL 2205715, at *6 (S.D.N.Y. May 22, 2019).

11

However, I will note that if a significant number of notices are returned as undeliverable, plaintiff may request more information that would facilitate tracing former employees. See, e.g., Rojas v. Kalesmeno Corp., No. 17-cv-0164, 2017 WL 3085340, at *8 (S.D.N.Y. July 19, 2017).

### C.      Expedited Notice

Finally, plaintiff requests an "expedited" schedule for notice. However, he does not specify the number of days he thinks would be appropriate for compliance. Courts in this Circuit routinely grant 7 to 45 days for defendants to furnish prospective plaintiff information. Zamora v. L Plus L Productions LLC, No. 19-cv-1506, 2019 WL 5460559, at *6 (S.D.N.Y. Oct. 15, 2019) (14 days); Ballinger v. Adv. Magazine Publishers, Inc., No. 13-cv-4036, 2014 WL 7495092, at *8 (S.D.N.Y. Dec. 29, 2014) (30 days); Ritz, 959 F. Supp. 2d at 278 (7 days); Cano v. Four M Food Corp., 08-cv-3005, 2009 WL 5710143, at *11 (E.D.N.Y. Feb. 3, 2009) (45 days). Defendants shall have 21 days to provide the names and addresses (both physical and e-mail) of all collective members.

### CONCLUSION

Plaintiff's motion for preliminary approval of a collective action is granted to the extent set forth above.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
       October 10, 2021