# EXHIBIT 1

Docusign Envelope ID: FF1C1314-940D-4460-985F-E2CB2E359351

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANE WILSON, on behalf of himself and
all others similarly situated,                                    Case No.: 1:21-cv-01263-BMC

                              Plaintiff,

          -against-

JAMAICA SERVICES PROGRAM FOR OLDER
ADULTS, WILLIAM COLLINS, JR. and BEVERLY
COLLIER,

                              Defendants.
------------------------------------------------------------------X

### SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Plaintiff, DANE WILSON and Nineteen (19) Opt-In Plaintiffs[1] (hereinafter collectively, "Plaintiffs") and Defendants, JAMAICA SERVICES PROGRAM FOR OLDER ADULTS and WILLIAM COLLINS, JR. (hereinafter, collectively "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint filed in the above-captioned action pending in the U.S. District Court for the Eastern District of New York, Case No. 1: 21-cv-01263-BMC (the "Lawsuit"), without further litigation or adjudication;

WHEREAS, the Complaint asserted claims under the New York Labor Law ("NYLL") and under the Fair Labor Standards Act ("FLSA"), and sought recovery for, among other things, alleged unpaid wages and overtime, as well as alleged statutory penalties for delayed payment of wages and pay statement violations, liquidated damages, and attorneys' fees and costs (together herein, the "Claims");

WHEREAS, the Defendants have denied and continue to deny all of the allegations made by Plaintiffs in the Lawsuit and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit against them. Nonetheless, without admitting or conceding any fault, wrongdoing, liability or damages, the Defendants have agreed, subject to Court approval, to settle the Lawsuit on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

---

[1]     The opt-in plaintiffs are as follows: Glinda Andrewsa, Jordan Arias, Gloria Bayne, Alexander Braswell, Michele Edgehill, Valda Edwards, Jennifer Forino, Caroline Grable, Pauline Griffiths, Nartesha Hicks, Iqbal Khan, Hermione Michel, Juan Munoz, Shaine Parkinson, Dayawatie Ramnarain, Robert Richardson, Rashon River, Leonard Robinson, and Maria Vasquez. This Agreement, however, shall not be binding upon Juan Munoz as the Parties reasonably believe that Mr. Munoz is deceased.

WHEREAS, the Plaintiffs and the Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by the Defendants or any other person or entity of guilt or noncompliance with any federal, state, or local statute, order, regulation, or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, the Defendants' practices, policies, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, upon Court approval of this Agreement the Lawsuit shall be dismissed in its entirety and with prejudice upon the entry of an Order for same consistent with the Parties' Agreement as set forth below:

NOW THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **SETTLEMENT TERMS**.

   **1.1. Amount**.

   (a)     The Defendants agree to pay or to cause to be paid on their behalf the amount of One Hundred Seventy Thousand Dollars ($170,000.00) (hereinafter "Settlement Funds"), which shall resolve and satisfy any and all damages, interest thereon, attorneys' fees, costs and disbursements, and any other damages, costs or expenses against the Defendants arising out of the Lawsuit.  The Defendants shall have no other monetary obligation under this Agreement. The Settlemment Fund shall be paid by Defendants as a single lump sum payment within 30 days of approval by the Court of this Agreement as follows: (1) Sixty-Seven Thousand Six Hundred Five Dollars and Twenty-Four Cents ($67,605.24) to be paid to McLaughlin & Stern, LLP; (2) Ten Thousand Dollars ($10,000.00) to be paid to Dane Wilson; and (3) the remainder of the Settlement Fund shall be paid to Plaintiffs in the amounts set forth below in the form of checks made payable to such individual Plaintiffs, which shall be sent to the offices of McLaughlin & Stern, LLP, 260 Madison Avenue, New York, New York 10016, Attn: Brett R. Gallaway, Esq., who shall then remit such payments to the individual Plaintiffs:

   a. See Exhibit A

   (b)     Defendants shall issue 50% of Plaintiffs' settlement as back wages, deducting appropriate taxes, and issuing Plaintiffs with an IRS Form W-2 at year end. The remaining 50% will be treated as Plaintiffs' liquidated damages, and Defendants will issue to Plaintiffs an IRS Form 1099 for such portion at year end.  Defendants shall also issue an IRS Form 1099 to McLaughlin & Stern, LLP for the payments being made to such firm. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments and Plaintiffs acknowledge they have received no representations from Defendants' Counsel regarding taxation or tax advice and agree to indemnify Defendants from any all-tax related liabilities from the settlement payments.  All taxes, other than the employer's share of payroll taxes, are the sole responsibility of the individual receiving the payment.  Plaintiff agrees to provide to Defendants, through counsel, a form W-9 or valid Taxpayer Identification Number (including either a Social Security Number "SSN" or an Individual Taxpayer Identification Number "ITIN") to assist

Defendants in the lawful issuance of the above payments. The payment set forth above shall be delivered to the office of McLaughlin and Stern, LLP, 260 Madison Ave. New York, NY 10016. Failure to deliver said checks shall constitute a default under the Agreement.

**1.2.** **Attorneys' Fees, Costs, Expenses, and Service Award**.

    **A.** From the Settlement Funds shall be deducted: (i) Court-approved attorneys' fees, costs, and expenses for Plaintiffs' counsel; and (ii) Court-approved Service Award to Plaintiff Wilson. Specifically, Plaintiffs' counsel shall seek an award of attorneys' fees of no more than one-third of the Settlement Funds (*i.e.*, $56,666.66), which Defendants will not object to or otherwise oppose. Plaintiffs' counsel shall also seek reimbursement of the costs and expenses incurred in connection with the Lawsuit (*i.e.*, $10,938.58), which Defendants will not object to or otherwise oppose. Plaintiffs will also seek a Service Award of $10,000 to Plaintiff Dane Wilson in recognition of his efforts in the Lawsuit, which Defendnats will not object to or otherwise oppose.

    **B.** After deduction of the foregoing Court-approved amounts, the amounts remaining from the Settlement Funds, which shall be referred to as the Net Settlement Fund, shall be distributed to Plaintiffs as set forth in Section 1.3 and 1.1.

**1.3.** **Allocation of Net Settlement Fund**.

    **A.** Each of the Plaintiffs will be assigned an individual percentage amount of the Settlement Funds based on their individual number of weeks worked during the applicable period compared to the total amount of such workweeks attributable to all Plaintiffs. Each Plaintiffs' percentage amount of the Settlement Funds shall be assigned to the Net Settlement Fund in order to compute that Plaintiffs' share of the Net Settlement Fund. For example, if there are 1,000 total workweeks amongst all Plaintiffs and an individual Plaintiff is allocated 100 workweeks, that Plaintiff's percentage of the Net Settlement Fund is 10%, and the Net Settlement Fund is $100,000.00, then that Class Member's Individual Settlement Amount would be $10,000.

    **B.** The Settlement is non-reversionary and not claims made. Plaintiffs do not need to affirmatively opt-in in order to participate. All Plaintiffs shall receive settlement payments reflecting their proportionate share of the Net Settlement Fund. If, however, one or more of the Plaintiffs does not deposit their settlement payment within 60 days of mailing by McLaughlin & Stern, LLP, the settlement check shall be voided and that amount shall be re-distributed to each of the Plaintiffs who did timely deposit their settlement payments.

**1.4.** The parties expressly consent that the Eastern District of New York shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below. Or, if the federal court declines to retain jurisdiction, the parties consent to any other court of competent jurisdiction in Queens County, New York City.

**1.5.** In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e.,) on its respective payment date, Plaintiffs shall be entitled to serve a written notice ("Default Notice") upon counsel for the Defendants by electronic mail to adam@acweisslaw.com and First-Class Mail at Attn: Adam C. Weiss, Esq., 3 School Street, Suite 303, Glen Cove, NY 11542.

The Defendants shall have ten business days from the date of receipt of the mailed Default Notice to cure the default by making such payment. The parties agree that any notice will be deemed received five (5) days after its dispatch by mail.

Upon Defendants' failure to cure a default within ten business days of reciept of the Default Notice, counsel for Plaintiffs may take any action to enforce the terms of this agreement including but not limited to filing the Confessions of Judgments exeuted by the Defendants for the gross sum of $170,000.00 less any amounts paid prior to default.

The parties agree that in such an event of default, any and all remaining installments shall be immediately due and owing as set forth above and that Plaintiffs shall be entitled to take any and all measures to enforce the terms of this agreement including, but not limited to, filing or otherwise seeking to enforce the Confessions of Judgment annexed hereto as Exhibit A for the gross sum of $170,000.00 less any amounts paid prior to default as against Defendants, jointly and severally, The Confessions of Judgment may only be filed by Plaintiffs upon the default of Defendants as set forth above and failure to cure upon service of the Default Notice.

2. **RELEASE OF CLAIMS**.

   **2.1.** **Release of NYLL Labor Law Claims**. Upon receipt by Plaintiffs' counsel of the Settlement Funds, Plaintiffs hereby forever and fully release the Defendants, and all presently or formerly affiliated persons or entities including, but not limited to, any of the Defendants' present or former parent corporations, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsures, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Releasees"), from all wage and hour claims that could have been asserted under New York Labor Law in the Lawsuit as of the date the Court issues its approval of the Settlement. The released claims include all claims under New York State laws for minimum or overtime wages, spread of hours, any related wage and hour claims, NYLL § 195 penalties, all related derivative benefit claims (both ERISA and non-ERISA benefits). Specifically, the released claims include any and all claims under the NYLL, Article 6, §191 (Frequency of payments); §192 (Cash payment of wages); §193

(Deductions from wages); §195 (Notice and record-keeping requirements); §198-c (Benefits or wage supplements); §198-d (Posting regulations on illegal wage deductions) and any claim under Article 19, § 605 et seq. of the NYLL for a claim of minimum wage or overtime and other provisions including the supporting state regulations and New York Minimum Wage Orders, 12 NYCRR §§ 146, et seq.

**2.2.** **Release of FLSA Claims.** Upon receipt by Plaintiffs' counsel of the Settlement Funds, Plaintiffs who deposit or otherwise cash their settlement checks hereby forever and fully releases the Defendants and Releasees, from all wage and hour claims that could have been asserted under federal law in the Lawsuit as of the date the Court issues its approval of the Settlement, including the Fair Labor Standards Act and the regulations thereunder for work performed at or on behalf of Releasees, including without limitation any such claims for unpaid wages, overtime, liquidated damages and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting approval of this Agreement.

**2.3.** **Non-Admission of Liability**

    **A.** Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of the Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by the Defendants.

**2.4.** **Final Collective Certification for Settlement Purposes.** For settlement purposes only, the parties shall request that in addition to approving the Settlement, the Court also grant final collective certification.

**3.** **INTERPRETATION AND ENFORCEMENT.**

**3.1.** **Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**3.2.** **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

**3.3.** **Binding Effect**. This Agreement shall be binding upon the Parties and their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**3.4.** **Arms' Length Transaction; Materiality of Terms**. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**3.5.** **Captions**. The captions or headings of the Sections and Paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**3.6.** **Construction**. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**3.7.** **Severability**. If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**3.8.** **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**3.9.** **Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction or authority to modify the terms of the Agreement or to increase the Settling Defendants' payment obligations hereunder.

**3.10.** **Waivers, etc. to Be in Writing**. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**3.11.** **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**3.11.** **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**3.12.** **Signatures**. This Agreement is valid and binding if, and only if, it is signed by the authorized representatives of the Defendants and Plaintiffs. Plaintiff Dane Wilson shall act as the authorized representative of Plaintiffs.

**3.13.** **Facsimile and Email Signatures**. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN SECTION "3" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AS SET FORTH IN THIS AGREEMENT AGAINST RELEASEES.**

*Plaintiffs*

DANE WILSON

_____

Dated: _____


*Defendants*

JAMAICA SERVICE PROGRAM FOR OLDER ADULTS

By: _____ on behalf
of JSPOA.

Dated: 09/24/2024

_____

William Collins, Jr., Individually

Dated: 09/24/2024

*Plaintiffs*

DANE WILSON

~~Dane Wilson~~
37A04D94D2BD4CE...

Dated: _11/14/2024_____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

_____

Dated: _____

GLORIA D. BAYNE

_____

Dated: _____

ALEXANDER BRASWELL

_____

Dated: _____

MICHELE EDGEHILL

_____

Dated: _____

VALDA EDWARDS

_____

Dated: _____

JENNIFER S. FORINO

_____

*Plaintiffs*

DANE WILSON

Dated: _____

GLENDA H. ANDREWS

Dated: 10/21/24

SHAINE D. PARKINSON

Dated: _____

JORDAN ARIAS

Dated: _____

GLORIA D. BAYNE

Dated: _____

ALEXANDER BRASWELL

Dated: _____

MICHELE EDGEHILL

Dated: _____

VALDA EDWARDS

Dated: _____

JENNIFER S. FORINO

DANE WILSON

Dated _____
GLINDA H. ANDREWS

Dated: 10/11/2024
SHAINE D. PARKINSON
*[signature]*

Dated _____
JORDAN ARIAS

Dated _____
GLORIA D BAYNE

Dated _____
ALEXANDER BRASWELL

Dated _____
MICHELE EDGEHILL

Dated _____
VALDA EDWARDS

Dated _____
JENNIFER S. FORINO

*Plaintiffs*

DANE WILSON

_____

Dated: _____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

*Jordan arias*

Dated: _10 - 11 - 2024_

GLORIA D. BAYNE

_____

Dated: _____

ALEXANDER BRASWELL

_____

Dated: _____

MICHELE EDGEHILL

_____

Dated: _____

VALDA EDWARDS

_____

Dated: _____

JENNIFER S. FORINO

_____

*Plaintiffs*

DANE WILSON

_____

Dated: _____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

_____

Dated: 10/12/2024

GLORIA D. BAYNE

_Gloria D. Bayne_

Dated: _____

ALEXANDER BRASWELL

_____

Dated: _____

MICHELE EDGEHILL

_____

Dated: _____

VALDA EDWARDS

_____

Dated: _____

JENNIFER S. FORINO

_____

*Plaintiffs*

DANE WILSON

_____

Dated: _____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

_____

Dated: _____

GLORIA D. BAYNE

_____

Dated: 10-20-24

ALEXANDER BRASWELL ✓

*Alexander Braswell*

Dated: 10-20-24

MICHELE EDGEHILL

_____

Dated: _____

VALDA EDWARDS

_____

Dated: _____

JENNIFER S. FORINO

_____

*Plaintiffs*

DANE WILSON

_____

Dated: _____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

_____

Dated: _____

GLORIA D. BAYNE

_____

Dated: _____

ALEXANDER BRASWELL

_____

Dated: 10-22-2024

MICHELE EDGEHILL

*Michele Edgehill*

Dated: _____

VALDA EDWARDS

_____

Dated: _____

JENNIFER S. FORINO

Plaintiffs

DANE WILSON

_____

Dated: _____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

_____

Dated: _____

GLORIA D. BAYNE

_____

Dated: _____

ALEXANDER BRASWELL

_____

Dated: _____

MICHELE EDGEHILL

_____

Dated: 10/12/24

VALDA EDWARDS

*Velda Edwards*

_____

Dated: _____

JENNIFER S. TORINO

_____

*Plaintiffs*

DANE WILSON

_____

Dated: _____

GLINDA H. ANDREWS

_____

Dated: _____

SHAINE D. PARKINSON

_____

Dated: _____

JORDAN ARIAS

_____

Dated: _____

GLORIA D. BAYNE

_____

Dated: _____

ALEXANDER BRASWELL

_____

Dated: _____

MICHELE EDGEHILL

_____

Dated: _____

VALDA EDWARDS

_____

Dated: 11/13/2024

JENNIFER S. FORINO

*Jennifer s Fori*
—4D16182DB22C43E...

Dated: 10/11/2024

CAROLINE GRABLE

*Caroline Grable*

Dated: _____

PAULINE GRIFFITHS

_____

Dated: _____

NARTESHA HICKS

_____

Dated: _____

IQBAL KHAN

_____

Dated: _____

HERMIONE MICHEL

_____

Dated: _____

DAYAWATIE RAMNARIAN

_____

Dated: _____

ROBERT RICHARDSON

_____

Dated: _____

RASHON RIVERS

_____

Dated: _____

LEONARD ROBINSON

Dated: _____

CAROLINE GRABLE

_____

Dated: *10/ i 4 / 24*

PAULINE GRIFFITHS

*Pauline Griffiths*

Dated: _____

NARTESHA HICKS

_____

Dated: _____

IQBAL KHAN

_____

Dated: _____

HERMIONE MICHEL

_____

Dated: _____


DAYAWATIE RAMNARIAN

_____

Dated: _____

ROBERT RICHARDSON

_____

Dated: _____

RASHON RIVERS

_____

Dated: _____

LEONARD ROBINSON

Dated: _____

CAROLINE GRABLE

_____

Dated: _____

PAULINE GRIFFITHS

_____

Dated: _____

NARTESHA HICKS

_Nartesha N Hicks_

Dated: 10/11/2024

IQBAL KHAN

_____

Dated: _____

HERMIONE MICHEL

_____

Dated: _____

DAYAWATIE RAMNARIAN

_____

Dated: _____

ROBERT RICHARDSON

_____

Dated: _____

RASHON RIVERS

_____

Dated: _____

LEONARD ROBINSON

CAROLINE GRABLE

Dated: _____

PAULINE GRIFFITHS

Dated: _____

NARTESHA HICKS

Dated: _____

IQBAL KHAN

Dated: _10/15/2024_

HERMIONE MICHEL

Dated: _____

DAYAWATIE RAMNARIAN

Dated: _____

ROBERT RICHARDSON

Dated: _____

RASHON RIVERS

Dated: _____

LEONARD ROBINSON

Dated: _____

CAROLINE GRABLE

_____

Dated: _____

PAULINE GRIFFITHS

_____

Dated: _____

NARTESHA HICKS

_____

Dated: _____

IQBAL KHAN

_____

Dated: _____

HERMIONE MICHEL

*Hermione Michel*

Dated: ___10/12/2024___

DAYAWATIE RAMNARIAN

_____

Dated: _____

ROBERT RICHARDSON

_____

Dated: _____

RASHON RIVERS

_____

Dated: _____

LEONARD ROBINSON

_____

Dated: _____

CAROLINE GRABLE

_____

Dated: _____

PAULINE GRIFFITHS

_____

Dated: _____

NARTESHA HICKS

_____

Dated: _____

IQBAL KHAN

_____

Dated: _____

HERMIONE MICHEL

_____

Dated: _____

DAYAWATIE RAMNARIAN

*[signature]*

Dated: 10-21-24

ROBERT RICHARDSON

_____

Dated: _____

RASHON RIVERS

_____

Dated: _____

LEONARD ROBINSON

Dated: 10 | 11 | 2024

ROBERT RICHARDSON

_Robert Richardson_

Dated: _____

RASHON RIVERS

_____

Dated: _____

Dated: _____

CAROLINE GRABLE

_____

Dated: _____

PAULINE GRIFFITHS

_____

Dated: _____

NARTESHA HICKS

● _____

Dated: _____

IQBAL KHAN

_____

Dated: _____

HERMIONE MICHEL

_____

Dated: _____


DAYAWATIE RAMNARIAN

_____

Dated: _____

ROBERT RICHARDSON

_____

Dated: _10/11/24_____

RASHON RIVERS

_____

Dated: _____

LEONARD ROBINSON

Dated: 10-28-24

MARIA VASQUEZ

_____

Dated: _____

Dated: _____

MARIA VASQUEZ

Dated: __10/11/2024__

## EXHIBIT A

| | | |
|---|---|---|
| Settlement Funds | $170,000.00 | |
| Paid to McLaughlin & Stern, LLP | $56,666.67 | Legal Fees |
| Paid to McLaughlin & Stern, LLP | $10,938.58 | Disbursements |
| Paid to Dane Wilson | $10,000.00 | Service Award |
| Balance of Settlement Fund | $92,394.75 | |
| Total Weeks Worked: | 3,233 | |
| Payment per Week Worked | $28.57864 | |

| Employee (initials) | Weeks Worked | Payment Amount |
|---|---|---|
| DW | 22 | $628.73 |
| GA | 245 | $7,001.77 |
| JA | 145 | $4,143.90 |
| GB | 117 | $3,343.70 |
| AB | 184 | $5,258.47 |
| ME | 227 | $6,487.35 |
| VE | 245 | $7,001.77 |
| JF | 31 | $885.94 |
| CG | 200 | $5,715.73 |
| PG | 202 | $5,772.89 |
| NH | 164 | $4,686.90 |
| IK | 205 | $5,858.62 |
| HM | 146 | $4,172.48 |
| SP | 226 | $6,458.77 |
| DR | 290 | $8,287.81 |
| RRich | 29 | $828.78 |
| RRivers | 205 | $5,858.62 |
| LR | 226 | $6,458.77 |
| MV | 124 | $3,543.75 |
| TOTAL: | 3,233 | $92,394.75 |